UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2182

SIDIKI A. CHAMOKO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A96-269-549)

Submitted:  June 21, 2006          Decided:  July 7, 2006

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jing Tan, LAW OFFICES OF TAN & ASSOCIATES, Rockville, Maryland, for
Petitioner.  Rod J. Rosenstein, United States Attorney, Larry D.
Adams, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sidiki A. Chamoko, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] The Board, while finding that the application was timely filed and was not frivolous, found that the immigration judge was correct in holding Chamoko did not sustain his burden of proof and persuasion for the relief he sought.

Chamoko challenges the Board's finding that his testimony was not credible, and that he otherwise failed to meet his burden of proof to qualify for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted), and uphold credibility determinations if they are supported by substantial evidence. See Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

---

[*]As Chamoko's brief raised no claims concerning the denial of withholding of removal or protection under the Convention Against Torture, any such claims are waived. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Chamoko failed to establish past persecution or well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483 (1992) (same). Moreover, as Chamoko cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. See <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>